UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
HUGO R. ACUNA-POLANCO,

                Petitioner,

          -against-

TODD BLANCHE *et al.*,

               Respondents.
-------------------------------------------------------------------x

**<u>MEMORANDUM AND ORDER</u>**
26-CV-2177 (OEM)

ORELIA E. MERCHANT, United States District Judge:

On April 14, 2026, Petitioner Hugo R. Acuna-Polanco ("Petitioner") filed a petition for writ of habeas corpus against Respondents Todd Blanche, in his official capacity as Acting Attorney General of the United States; Markwayne Mullin, in his official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"); Todd M. Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE"); and Brian Flanagan, in his official capacity as Acting Deputy Field Office Director for ICE in the New York City Area (collectively, "Respondents"). *See generally* Petition for Writ of Habeas Corpus, Dkt. 1 ("Petition" or "Pet."). Petitioner seeks his immediate release and challenges the lawfulness of his ongoing detention by ICE under the Immigration and Nationality Act ("INA"), the Fifth Amendment of the U.S. Constitution ("Fifth Amendment"), and the Administrative Procedure Act. *Id.* ¶¶ 37-47. Petitioner was arrested by ICE on April 13, 2026, and is currently detained at the Nassau County Correctional Center in East Meadow, New York. Letter from Respondents to the Court at 1-2 (Apr. 17, 2026), Dkt. 8 ("Opposition" or "Opp'n").[1] For the following reasons,

---

[1] In its citations to the Opposition, the Court refers to the page numbers contained in the automatically generated ECF header.

Petitioner's request for release from custody is granted, and Respondents are ordered to immediately release him from custody.

## BACKGROUND[2]

Petitioner is a citizen of Guatemala who "entered the United States without inspection or admission in approximately 1990." Pet. ¶ 2; *see* Opp'n at 1. Petitioner resides with his wife, a U.S. citizen, in Plainfield, New Jersey. Pet. ¶ 3.

On April 13, 2026, Nassau County Police Department highway patrol "stopped a vehicle on the Long Island Expressway for traffic violations. The vehicle contained Petitioner and three other males." Opp'n at 1; *see* Declaration of Jawaan Johnson ¶ 5, Dkt. 8-1 ("Johnson Declaration" or "Johnson Decl.").[3] After Petitioner identified himself, highway patrol

> called ICE, which, after confirming that Petitioner was a citizen and national of Guatemala with no lawful status in the United States, arrested and detailed Petitioner. The officers arrested Petitioner pursuant to a Form I-200, Warrant for Arrest of Alien. ICE [then] . . . transported him to ICE's intake processing facility at the Nassau County ICE Intake Center.

Opp'n at 1-2 (citations omitted). ICE subsequently served Petitioner with a Form I-862, Notice to Appear, that same day. *Id.* at 2.

Petitioner was then transferred to the Nassau County Correctional Center in East Meadow, New York, where he remains to date. *Id.*

---

[2] The facts of this case are undisputed unless otherwise indicated.

[3] In the Petition and in the Johnson Declaration, the parties state that the arrest took place on April 13, 2026. *See* Pet. ¶ 4; Johnson Decl. ¶ 5. Respondents' Opposition, however, states that the arrest took place on February 28, 2026. *See* Opp'n at 1. The Opposition's cited authority for that date is the Johnson Declaration. *See id.* The Court construes this inconsistency as an unintended typographical error.

**DISCUSSION**

The instant Petition raises two principal issues: (1) whether Petitioner is detained under 8 U.S.C. § 1226 ("§ 1226") or 8 U.S.C. § 1225 ("§ 1225") and (2) whether Petitioner's Fifth Amendment due process rights have been violated.

**A.  Statutory Basis for Petitioner's Detention**

The Court is bound by a long line of U.S. Supreme Court precedent.  *See Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) ("[O]ur immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law."); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (stating that § 1225(b) governs "aliens seeking admission into the country," whereas § 1226(a) governs "aliens already in the country" who are subject to removal proceedings).  Thus, the Court's position on whether § 1226 or § 1225 applies in scenarios where a petitioner is detained after entering the country has not changed since deciding other 28 U.S.C. § 2241 immigration cases recently.  *See, e.g.*, *J.U. v. Maldonado*, 805 F. Supp. 3d 482 (E.D.N.Y. 2025); *Artiga v. Genalo*, 25-CV-5208 (OEM), 2025 WL 2829434 (E.D.N.Y. Oct. 5, 2025); *Lira Caceres v. Shanahan*, 26-CV-00016 (OEM), 2026 WL 233215 (E.D.N.Y. Jan. 28, 2026); *Singh v. Maldonado*, 26-CV-00019 (OEM), 2026 WL 233216 (E.D.N.Y. Jan. 29, 2026); *Sanchez Atz v. Noem*, 26-CV-00214 (OEM), 2026 WL 320238 (E.D.N.Y. Feb. 6, 2026); *Acuapan v. Bondi*, 26-CV-00384 (OEM), 2026 WL 507889 (E.D.N.Y. Feb. 24, 2026); *Singh v. Francis*, 26-CV-00344 (OEM), 2026 WL 507890 (E.D.N.Y. Feb. 24, 2026); *Monge-Campos v. Bondi*, 26-CV-1056 (OEM), 2026 WL 603516 (E.D.N.Y. Mar. 4, 2026); *Gonzalez Guardado v. Maldonado*, 26-CV-

1170 (OEM), 2026 WL 670156 (E.D.N.Y. Mar. 10, 2026); *Vasquez-Lopez v. Bondi*, 26-CV-1369 (OEM), 2026 WL 710088 (E.D.N.Y. Mar. 13, 2026); *Jimenez Carrillo v. Noem*, 26-CV-1259 (OEM), 2026 WL 747015 (E.D.N.Y. Mar. 17, 2026); *Singh v. Maldonado*, 26-CV-01571 (OEM), 2026 WL 850670 (E.D.N.Y. Mar. 27, 2026); *Agudelo Silva v. Maldonado*, 26-CV-1709 (OEM), 2026 WL 850687 (E.D.N.Y. Mar. 27, 2026); *Villaneuva Hernandez v. Mullin*, 26-CV-1822 (OEM), 2026 WL 891623 (E.D.N.Y. Apr. 1, 2026); *Gomez-Talero v. Maldonado*, 26-CV-1625 (OEM), 2026 WL 926145 (E.D.N.Y. Apr. 6, 2026).

The Court is not persuaded by the authorities provided by Respondents, and Respondents acknowledge that there are no distinguishing facts as to Petitioner in this case. Opp'n at 4. Accordingly, for reasons consistent with the majority view, the Court finds that mandatory detention under § 1225 is inapplicable to Petitioner and that discretionary detention under § 1226 governs Petitioner's detention. *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 n.22 & Appendix A (S.D.N.Y. 2025) (collecting cases).

**B. Due Process**

The Court now turns to whether ICE's detention of Petitioner violates his due process rights. The *Mathews* test governs this inquiry. *See Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (applying the three-factor balancing test outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine the adequacy of process in the context of civil immigration confinement). The determination of what procedures are required under the Fifth Amendment requires consideration of: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest,

including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

With respect to the first prong of the *Mathews* test, Petitioner invokes "the most significant liberty interest there is—the interest in being free from imprisonment." *Velasco Lopez*, 978 F.3d at 851 (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)).

With respect to the second prong of the *Mathews* test, the record demonstrates that no individualized determination was made prior to or contemporaneously with the decision to detain Petitioner on April 13, 2026. *See* Pet. ¶¶ 1-9, 37-42; Opp'n at 1-2. Respondents present no articulable facts as to why Petitioner is dangerous or a flight risk. *See* Opp'n at 1-2. Therefore, ICE did not engage in the required deliberative process during the initial decision to strip Petitioner of his liberty interest, and the risk of erroneous deprivation of that interest is high. *See Chipantiza-Sisalema v. Francis*, 25 Civ. 5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025) (stating that ICE must engage in a deliberative process prior to or contemporaneous with "the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Lopez v. Sessions*, 18 Civ. 4189 (RWS), 2018 WL 2932726, at *11 (S.D.N.Y. June 12, 2018) (finding a risk of erroneous deprivation where the petitioner was re-detained absent a change in circumstances, procedure, or evidentiary findings).

As to the third and final *Mathews* prong, "the Attorney General's discretion to detain individuals under 8 § U.S.C. 1226(a) [sic] is valid where it advances a legitimate governmental purpose," such as "ensuring the appearance of aliens at future immigration proceedings" and "preventing danger to the community." *Valdez v. Joyce*, 803 F. Supp. 3d 213, 218 (S.D.N.Y. 2025) (first quoting *Velasco Lopez*, 978 F.3d at 854; then quoting *Zadvydas*, 533 U.S. at 690). Here, however, there is nothing in the record to suggest that Petitioner is a flight risk or a danger to the

community.  The record indicates that Petitioner has lived in the United States for approximately 36 years without incident.  Pet. ¶ 2; Opp'n at 1.  Therefore, Respondents have failed to show a significant interest in his continued detention.

Taken together, Petitioner's ongoing detention violates his due process rights.  *See Valdez*, 803 F. Supp. 3d at 219; *Lopez*, 2018 WL 2932726, at *15.  Given the deprivation of Petitioner's liberty, the absence of any deliberative process prior to or contemporaneous with the deprivation, and the statutory and constitutional rights implicated, a writ of habeas corpus is the only form of relief and the most appropriate remedy.  *Valdez*, 803 F. Supp. 3d at 219; *Lopez*, 2018 WL 2932726, at *15. [4]

### CONCLUSION

For the foregoing reasons, Petitioner's request for immediate release from custody is granted.  Respondents are ordered to immediately release Petitioner from custody.  By April 18, 2026, Respondents shall certify compliance with this order by filing on the docket and noting specifically that Petitioner has been released.

The Clerk of Court is respectfully directed to enter judgment in accordance with this order and close this case.

SO ORDERED.

_/s/_____
ORELIA E. MERCHANT
United States District Judge

April 17, 2026
Brooklyn, New York

---

[4] Because the Court determines that Petitioner's detention violates his due process rights, it need not address his remaining claims.  *See, e.g.*, *Valdez*, 803 F. Supp. 3d at 217 n.4 (declining to address remaining claims after determining that the petitioner's detention violated due process).